PICKETT, Judge.

FACTS

Jarmaine Jones was involved in a one-car accident in the City of Opelousas on November 19, 2000. He was cited for first-offense DWI in violation of La.R.S. 14:98, driving without a license in violation of La.R.S. 32:52, and careless operation of a motor vehicle in violation of La.R.S. 32:58. The record includes an undated document from a magistrate’s hearing with handwritten charges and notations of *1205 $1,200 for D.W.I., $500.00 for No Driver’s License, and $850 for Careless Operation. It is signed by the “Booking Desk Sergeant,” but the section for the court to complete is not filled out.
On December 7, 2000, Mr. Jones was charged by Bill of Information with DWI. That same day, the minutes of the court reflect he pled “no contest” to DWI and Driving without a License. The Careless Operation charge was dismissed. At the arraignment, when Mr. Jones entered his plea, the trial judge stated:
Okay, on your DWI you are looking at six hundred and seventy-five dollars, you are looking at fifty hours of community service, eight hours of driver’s school and an evaluation and I’ll tell you are looking at possible probation, I don’t know it depends on your evaluation. I’ll put a question mark.
All right on the No Driver’s License you are looking at a fine of one hundred and twenty-five dollars that includes all the court costs.
Regarding bond, the court stated:
All right on the DWI I am going to set a bond at eight-fifty and No Driver’s License a bond at four-fifty.
On December 13, 2000, six days after the plea by Mr. Jones, the appellant Savant Insurance Company issued three bonds on behalf of Mr. Jones in amounts of $1,200.00, $850.00, and $500.00. We note these amounts correspond to the amounts |2set forth in the document from the magistrate’s hearing and exceed the amount set by the court at arraignment. Additionally, it appears a bond was issued by Savant on Mr. Jones’ behalf for the charge of Careless Operation — a charge which had been dismissed by the time the bonds were issued. The appearance bond indicates Mr. Jones was scheduled to appear in Opelou-sas City Court on January 16, 2001, to answer for charges of “DWI, no D/L, Reckless Operation.” Again, we note the Careless Operation charge had already been dismissed.
On January 8-11, 2001, Mr. Jones attended eight hours of a court-ordered Driver Improvement Program. On January 12, 2001, he attended an evaluation interview as ordered by the court.
There is no indication that Mr. Jones appeared on January 16, 2001, the date originally set by the court and which appears on the bond, or that the matter was continued. The entries from the court indicate that Mr. Jones failed to appear on January 23, 2001, but that the matter was “handled out of court” and sentencing was set for February 15. The record also includes two receipts in the total amount of $125.00 that Mr. Jones paid to the court on January 23, 2001.
On February 15, 2001 Mr. Jones appeared without counsel, paid $50, and sentencing was set for March 8, 2001. On March 8, 2001, Mr. Jones appeared without counsel and sentencing was set for March 15, 2001. On March 29, 2001, Mr. Jones appeared without counsel, paid $40, and sentencing was set for April 12, 2001. On April 12, 2001, the minutes indicate the matter was “handled out of court,” Mr. Jones paid $50, and sentencing was set for April 26, 2001. On April 26, 2001, Mr. Jones appeared without counsel and sentencing was set for May 1, 2001. On May 1, 2001, Mr. Jones appeared without counsel, paid $50, and sentencing was set for May |a14, 2001. On May 14, 2001, Mr. Jones was present without counsel, paid $50, and sentencing was set for May 31, 2001. On May 31, Mr. Jones was present without counsel and sentencing was set for *1206 June 4, 2001. On June 4, 2001, Mr. Jones failed to appear and a bench warrant was issued, ordering Mr. Jones to appear on the charges of No Driver’s License and Driving While Intoxicated.
At this point, Mr. Jones had paid $445.00 to the court, presumably towards the fines totaling $800.00 which the trial judge told him on December 7, 2000, when he entered the plea, he would be “looking at.” Further, on June 25, 2001, the Deputy Clerk/Probation Officer of the Opelou-sas City Court, Mary Rose, sent a letter to Mr. Jones ordering him to appear by July 12, 2001, and show cause why he did not complete his community service.
On June 28, 2002, the trial court issued three separate Judgments of Forfeiture of Appearance Bond because Mr. Jones had failed to appear on June 4, 2001. As surety, Savant was ordered to forfeit the three bonds in the amounts of $1200.00, $850.00, and $500.00. Savant was sent notice of the judgments on July 2, 2001. On January 24, 2002, the clerk of court sent three separate letters requesting payment on the three bonds or collection proceedings would begin.
On February 1, 2002 Savant filed a Motion to Overturn Bail Bond Forfeiture, alleging that the defendant had been sentenced on January 22, 2001, and pursuant to La.Code Crim.P. art. 326(B), their obligation had been fulfilled. On April 8, the court held a hearing on the motion, and on April 22, 2002, the court signed a judgment denying the motion on the basis that the defendant was never formally sentenced. This appeal followed.

\ ¿DISCUSSION

The appellant argues the trial court erred in ordering the bond forfeited, alleging sentence had been pronounced and that pronouncement of sentence or imposition of sentence releases them from the bond obligation.
Initially, this court issued a rule to show cause why this appeal should not be dismissed as untimely. A panel of this court referred that rule to the merits. Accordingly, we will first address the timeliness of the appeal.
The judgment appealed from was signed on April 22, 2002. Savant filed a Petition for Appeal with the City Court on May 6, 2002.
The pertinent portion of La.Code Civ.P. art. 5002 states:
A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
Ten days from the date of the judgment was May 2, 2002. We must determine, therefore, whether “notice is necessary” as set forth in Article 5002 and whether the May 6 filing date falls within the ten days from the “service of notice of judgment.” La.Code Civ.P. art 4905 provides that in city court, notice of a signing of judgment shall be given as required in La.Code Civ.P. art.1913.
Article 1913 states in pertinent part:
A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
[[Image here]]
*1207 |5P. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom notice of the signing of the judgment was mailed.
In the'instant case, notice was clearly required. There is, however, no certificate in the record indicating the date or to whom the notice of the signing of judgment was mailed. The appellant has attached the copy of the judgment mailed to him by the clerk’s office, which indicates the judgment was filed with the city clerk on May 30, 2002, twenty-four days after the appellant filed its Petition for Appeal. The appellant argues this date is in error and the date should be April 30, 2002. Assuming the judgment was mailed to the appellant April 30, 2002, this appeal is clearly timely filed.
As to the merits of the appeal, Savant claims that Mr. Jones was formally sentenced on January 22, 2001, and its obligation was no longer continuing for further court appearances. The record, however, does not reflect a formal sentencing.
The court advised Mr. Jones of the substance of the sentence that would be imposed on the day he pled guilty, one week prior to the issuance of the bonds. It appears from the record that the sentence was never imposed. Instead, what follows is re-fixing followed by re-fixing at which the defendant would appear, pay some money, and be carried over for a few more weeks. During this time he attended a “court-ordered” driver improvement program — which in fact could not be considered “court-ordered” since he had not been formally sentenced. Mr. Jones received, during this time, a letter from the Opelousas City Court ordering him to appear by July 12, 2001, and show cause why he did not complete his community service — community service which had not in fact been court ordered, because he had not been formally | ^sentenced. There could be, therefore, no legal basis for the clerk to order him to show cause.
It appears from the facts taken as a whole, that the court was requiring the defendant to complete his sentence, regarding payment of fines, community service, and driver improvement school, before the court had actually imposed the sentence. It is legally impossible to require a sentence to be fulfilled before it is actually imposed. We find in this record, however, no formal sentencing of Mr. Jones. Since there has been no sentencing, the bond obligation has not been extinguished, as argued by counsel, pursuant to the provisions of La.Code Crim.P. art. 326. We find other glaring errors, however, in both the issuance and forfeiture of these bonds.
On the day he entered his plea, the trial court ordered the bonds be fixed in the amount of $850.00 for the DWI and $450.00 for the No Driver’s License charge. Instead, the defendant was required to post bonds which exceeded the amount ordered by the trial court— $1,200.00 for the DWI, $850.00 for the No Driver’s License, and $500.00 for the charge of Careless Operation, which in fact no longer existed at the time the bonds were issued as it had been dismissed. '
That Mr. Jones was required to post a bond for the charge of Careless Operation, which had clearly been dismissed a week prior to the issuance of the bond, is absurd.' There can be no requirement for the posting of a bond to assure appearance for a charge which no longer exists. It naturally follows that Savant cannot be *1208 held responsible to assure the appearance for an non-existent charge. Savant has no obligation as to the bond issued for the offense of Careless Operation, and the judgment as to the forfeiture of that bond is null and void.
17As to the forfeiture of the remaining bonds, we must look to the provisions of La.R.S. 15:85 to ascertain whether these bonds were properly forfeited.
LSA. R.S. 15:85, in pertinent part, provides as follows:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer.
If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant’s failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all of the following:
(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
(ii) The personal sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
(iii) The agent or bondsman who posted the bond for the commercial sureties at the address designated pursuant to Code of Criminal Procedure Art. 322.
(iv) The commercial sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322. Notice to the commercial sureties shall include the |Rpower of attorney number used to execute the bond without which the bond obligation of the commercial surety shall be suspended until the power of attorney number is supplied provided the commercial surety provides notice to the clerk of court who mailed the notice to the surety of the failure to include such number in the notice by certified mail not later than thirty days following receipt of notice of the judgment. If the power of attorney number is not provided to the commercial surety within thirty days following the date of receipt by the clerk of court of the notice that it was not included in the notice of the judgment, the commercial surety shall be released from the bond obligation.
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place *1209 the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant’s failure to appear shall release the sureties of any and all obligations under the bond.
The record reflects when the defendant failed to appear, the court ordered a bench warrant be issued. Subsequently, the trial court issued three separate Judgments of Forfeiture of Appearance Bond. The record does not reflect the procedure required under La.R.S. 15:85 was followed. Although the record reflects Mr. Jones, Vidrine Bonding Co., and Savant were notified of the entering of the judgment of bond forfeiture by certified letter on July 2, 2002, the record does not contain return receipts evidencing this notification as required by La.R.S. 15:85(3)(b). La.R.S. 15:85(3)(c) provides unless proper notice is sent of the signing of the judgment within sixty days of the defendant’s failure to appear, the sureties shall be released of any and all obligations under the bond.
Furthermore, the record does not indicate the state requested that the bonds be forfeited. A clear reading of the statute suggests that the trial court may not initiate 19a bond forfeiture on his own motion. The statute requires the prosecuting attorney to request the bond forfeiture.
Furthermore, the date which appears on the appearance bonds issued by Savant for Mr. Jones to appear is January 16, 2001. There is no note in the court minutes that he either appeared on that day or that he was required to appear or that the matter was continued. When he did appear on subsequent dates, the matter was continued ten different times. Since neither the state nor Mr. Jones requested the continuance, we must assume the trial court continued the matter sua sponte.
Finally, the Judgments of Bond Forfeiture indicate Savant was notified through Vidrine Bonding that Mr. Jones was .ordered to appear on June 4, 2001. No evidence of this notification appears in the record.
Because there is no evidence that the mandatory requirements set forth in La. R.S. 15:85 were followed, we find Savant’s obligation under the bonds have been released. The judgment of the trial judge is reversed, and the bond forfeitures are, therefore, set aside.
REVERSED AND RENDERED.