NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-48

CITY OF LAFAYETTE
VERSUS
DAPHANIE COMEAUX
A.K.A. DAPHANIE CURRY TILGHMAN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE, NO. SC1998-1862
HONORABLE FRANCES M. BOUILLION, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, J. David Painter, and David E. Chatelain\*, Judges.

**APPEAL DISMISSED.**

**David Smith**
**Lafayette Parish District Attorney's Office**
**Post Office Box 3306**
**Lafayette, Louisiana 70502**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **City of Lafayette**

---

\*Judge DAVID E. CHATELAIN, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Randy J.Lassiegne**
**Attorney at Law**
**Post Office Box 5313**
**Lafayette, Louisiana 70502**
**(337) 233-1720**
**COUNSEL FOR INTERVENORS/APPELLANTS:**
**Safety National Casualty Corporation and A-Able Bonding, Inc.**

**Daphanie Comeaux**
**a.k.a. Daphanie Curry Tilghman**
**915 South College Street, Apt. 102**
**Lafayette, Louisiana 70506**
**DEFENDANT/APPELLEE:**
**In Proper Person**

PAINTER , Judge.

This court issued, *sua sponte*, a rule ordering the Appellants, Safety National Casualty Corporation and A-Able Bonding, Inc., to show cause, by brief only, why the appeal in this matter should not be dismissed as untimely. On February 25, 2010, this court received Appellants' response to the rule. For the reasons given herein, we hereby dismiss the appeal.

Appellants issued bonds securing the appearance of Defendant, Daphanie Comeaux a.k.a. Daphanie Curry Tilghman, at court hearings pertaining to criminal charges which had been filed against her for the issuance of worthless checks. Because Defendant failed to appear at a hearing in Lafayette City Court on February 10, 2009, a bench warrant was issued and bond forfeiture was issued and signed on February 17, 2009. The notice of judgment was mailed on February 19, 2009.

On November 5, 2009, Appellants filed a motion for appeal. When the appeal was lodged in this court, it appeared that Plaintiff was seeking to appeal the trial court's bond forfeiture ruling of February 17, 2009. Because La.Code Civ.P. art. 5002 provides for a ten-day appeal delay for judgments rendered by a city court, and because Appellants filed their motion for appeal on November 5, 2009, more than eight months after the mailing of notice of judgment for the trial court's judgment of February 17, 2009, this court issued a rule to show cause why the appeal should not be dismissed as untimely.

In response to this court's order that Appellants show cause why their appeal should not be dismissed as untimely, Appellants contend that they are not seeking to appeal the trial court's ruling of February 17, 2009. Rather, Appellants contend that they are seeking to appeal another ruling which the trial court rendered on October 13, 2009. In that regard, Appellants point out that on August 20, 2010, they surrendered Defendant to the Lafayette Parish Correctional Facility, and that, on

1

September 11, 2009, they filed a Motion To Be Relieved of Bond Obligation. Appellants maintain that following a hearing, the trial court denied their Motion To Be Relieved of Bond Obligation in open court. According to Appellants, the appeal delay has not commenced to run because no written judgment was ever signed by the trial court. Thus, Appellants argue that the motion for appeal was filed out of an abundance of caution but was not filed untimely. Appellants cite *State v. Jones*, 02-813 (La.App. 3 Cir. 12/11/02), 832 So.2d 1203, in support of their position that notice of judgment was required and that the ten-day appeal delay set forth in La.Code Civ.P. art. 5002 will not commence to run until after notice of judgment is mailed.

Even accepting that Appellants are not appealing the February 17, 2009 judgment, Appellants motion for appeal, nonetheless, was filed prematurely because no written judgment has been signed in connection with the ruling made in open court on October 13, 2009. *See* La.Code Civ.P. art. 1911. Accordingly, the appeal is hereby dismissed without prejudice. Costs of this appeal are to be paid by the Appellants.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.